## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

RICHARD ROCKHILL                CIVIL ACTION NO. 3:13-cv-0906
     LA. DOC #468163
VS.                             SECTION P

                              JUDGE ROBERT G. JAMES

WARDEN CHAD LEE, ET AL.         MAGISTRATE JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Richard Rockhill, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 1, 2013. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (DOC); he is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana, and he complains that Warden Lee interfered with his out-going mail. He sued Lee and Franklin Parish Sheriff Kevin Cobb seeking transfer to another prison and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted, and that his motion for transfer [Doc. 5] be **DENIED.**

### *Law and Analysis*

#### *Plaintiff's Allegations*

Plaintiff's original complaint which alleged interference with mail [Doc. 1], was deemed insufficient and on June 12, 2013 he was directed to amend. He was specifically directed to allege *"a description of the alleged injury sustained as a result of the alleged [Constitutional] violation..."* and, to "... state with specificity THE NATURE AND EXTENT OF THE

INJURIES, PREJUDICE, or other HARM HE CLAIMS TO HAVE SUSTAINED AS A RESULT OF THE ALLEGED CONSTITUTIONAL VIOLATIONS..." [Doc. 9]

On June 17, 2013, he filed a 2-page, handwritten response in which he claimed that Warden Lee violated his Constitutional rights by "... not mailing out going mail also legal mail..." He also claimed that his incoming legal mail has been opened.  He further alleged that on March 22, 2013, Jessica Ward obtained a temporary restraining order against plaintiff. Nevertheless, plaintiff wrote a letter to Ms. Ward who, upon receipt of the letter, complained to Warden Lee that plaintiff was apparently in violation of the restraining order.  In response to this complaint, Lee stopped plaintiff's out-going mail.

Plaintiff further complained that he filed the instant law suit on May 1, 2013, and on May 11, 2013, he received "legal mail" from the Court which was opened prior to delivery.

With regard to the injury component of his claim, plaintiff candidly stated, "Nothing happened as [an] injury yet. I just been threatened to be beat on is all but I know if I keep on with this law suit I will be getting beat and will stay in lock down. I been in lock down cell 177 since 3/21/13 until present time for a cell phone that they never found so they put me in lock down anyway. I actually had to write letters and get some one to put their name on to mail it to my mother..." [Doc. 10]

### Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438,

440 (5th Cir.1990).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### *Legal Mail*

Plaintiff complains that Warden Lee interfered with his out-going legal mail. However, plaintiff has not established that the envelopes and contents that were the object of his complaint contained privileged correspondence; nor has he demonstrated that these documents were confiscated or otherwise kept from their intended recipient.  Indeed, the records of this Court demonstrate that, with respect to this civil action,  the Clerk of Court received (1)  plaintiff's original complaint on May 1, 2013 [Doc. 1]; (2) a deficient application to proceed *in forma pauperis* on May 16, 2013 [Doc. 4]; (3) a letter/motion to transfer to another prison on the same date [Doc. 5]; (4) a completed application to proceed *in forma pauperis* on May 28, 2013 [Doc. 6]; and (5) a response to the amend order as mentioned above. [Doc. 10]

Court records also demonstrate that plaintiff successfully filed a second civil rights complaint on June 27, 2013, in the civil action entitled *Richard Rockhill v. Diana Lee, et al.,* Civil Action Number 3:13-cv-2151 at Doc. 1, along with a deficient motion to *proceed in forma pauperis* [Doc. 2] and a completed application to proceed *in forma pauperis.* [Doc. 5]

Plaintiff filed yet another civil rights complaint on May 16, 2013 in the matter of *Richard Rockhill v. Thomas R. Duplantier, et al.*, Civil Action No. 6:13-cv-1160 at [Doc. 1]. In addition to the complaint, he was able to transmit and file a deficient *in forma pauperis* application [Doc. 2], an amended complaint [Doc. 4] and motion to proceed *in forma pauperis* [Doc. 5], and an

3

objection to a report recommending dismissal of his complaint on June 27, 2013. [Doc. 9]

In short, plaintiff's assertion that his out-going legal mail was tampered with is refuted by the records of this court.

Furthermore, the documents in question were destined to become public records upon receipt by the Clerk of Court and therefore plaintiff cannot seriously contend that this out-going mail was privileged in any way.

With regard to his claim that his mail was opened prior to delivery, plaintiff has not established that the defendants did anything more than open and inspect these envelopes for contraband, an activity which they are allowed by law to perform. *See Brewer v. Wilkinson*, 3 F.3d 816, 820-821 (5th Cir. 1993).

Again, and to the extent that plaintiff maintains that the defendants' acts interfered with his right of access to the courts, he fails to state a claim. An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' allegedly unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). As previously noted, plaintiff has admitted to suffering no prejudice as a result of the complained of action.

He claims that he has been threatened with physical harm, but has offered no proof to establish that these threats have been, or will be carried out.

In short, plaintiff's claims concerning out-going and in-coming mail are frivolous.

## *Transfer*

Finally, plaintiff has requested a transfer to another prison.  Plaintiff is an inmate in the custody of the LDOC. Under Louisiana law, "any individual subject to confinement in a state

adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. <u>The director of corrections shall assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." La. R.S.15:824(A).

Plaintiff is an LDOC inmate and therefore his placement is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold  that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976);  *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984);  *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000).

***Conclusion and Recommendation***

Therefore,

Plaintiff's Motion to Transfer Facilities [Doc. 5] is **DENIED**; and,

    **IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

    Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

    **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

    In Chambers, Monroe, Louisiana, August 5, 2013.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE